## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| THE PHELAN GROUP, LLC, | § |
| *Plaintiff*, | § |
| v. | § CIVIL ACTION NO. 2:23-cv-611 |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | § **JURY TRIAL DEMANDED** |
| *Defendant*. | § |

### ORIGINAL COMPLAINT

Plaintiff The Phelan Group, LLC ("Plaintiff" or "Phelan Group"), by and through its attorneys, for its Original Complaint against State Farm Mutual Automobile Insurance Company ("State Farm" or "Defendant"), and demanding trial by jury, hereby alleges as follows:

### I. NATURE OF THE ACTION

1. This is a civil action for patent infringement, arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.

2. Defendant designs, manufactures, provides, uses, puts into use, sells, offers for sale, imports, and/or distributes systems, devices, software and components thereof in the State of Texas and this District that infringe the Patents-in-Suit (as defined below), induces others to commit acts of patent infringement in the State of Texas and this District, and/or contributes to infringement by others in the State of Texas and this District.

3. Phelan Group seeks past and future damages and prejudgment and post-judgment interest for Defendant's infringement of the Patents-in-Suit.

## II. PARTIES

4. Phelan Group is a limited liability company organized and existing under the laws of the State of New Mexico.

5. On information and belief, Defendant State Farm Mutual Automobile Insurance Company is an Illinois company with its principal place of business at 1 State Farm Plaza Bloomington, IL 61710, where it may be served with process. State Farm does not appear to have a Registered Agent for service of process in Texas but does have a regular and established place of business within the Eastern District of Texas at 1251 State Street, Suite 1000, Richardson, TX 75082, and thus may also be served through the Texas Secretary of State. On information and belief, State Farm does business itself, or through its subsidiaries, affiliates, and agents in the State of Texas and in this District.

6. On information and belief, State Farm is responsible for, *inter alia*, all operations of State Farm companies in the United States, including research and development, importing, making, manufacturing, marketing, distributing, offering for sale, and selling automotive vehicles and components from State Farm-managed brands.

7. On information and belief, State Farm maintains offices throughout this District as its regular and established places of business.

## III. JURISDICTION AND VENUE

8. Because this action arises under the Patent Laws of the United States, in particular 35 U.S.C. §271 *et seq*., this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and 1338(a).

9. State Farm is subject to jurisdiction in the United States, and specifically in this District, under Fed. R. Civ. P. 4(k)(2). State Farm has contacts with the United States that include, *inter alia*, advertising, manufacturing, using, offering to sell, and/or selling its systems, devices,

software and components thereof throughout the United States, including in this District and the patent infringement claims asserted herein arise directly from State Farm's conduct and continuous and systematic activity in the State of Texas and this District.

10. This Court also has personal jurisdiction over State Farm because, among other things, (i) State Farm maintains a regular and established place of business in the State of Texas and in this District; (ii) State Farm employs employees and sells products and services to customers in the State of Texas and in this District; and (iii) the patent infringement claims arise directly from State Farm's conduct and continuous and systematic activity in the State of Texas and this District.

11. This Court has general and/or specific personal jurisdiction over Defendant in that it has, directly or through agents and/or intermediaries, committed acts within the State of Texas and this District giving rise to this action and/or have established minimum contacts with the State of Texas and this District such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

12. Upon information and belief, Defendant directly and/or through its agents and/or intermediaries makes, uses, puts into use, designs, manufactures, distributes, imports, offers for sale, sell, and/or advertises its systems, software and components and affiliated services in the State of Texas and this District.

13. Defendant transacts substantial business with entities and individuals in the State of Texas and in this District. Defendant has committed acts of patent infringement within the State of Texas and this District.

14. On information and belief, Defendant derives, and has derived, substantial revenue from its infringing activity occurring in the State of Texas and within this District and/or should reasonably expect its actions to have consequences in this State of Texas and this District.

15. Venue is proper in this District pursuant to 28 U.S.C. §§ 1331, 1338(a), 1391(b), (c), & (d), and 1400(b) because Defendant either maintains a place of business in the District or is a foreign corporation who may be sued in any judicial district. Moreover, a substantial part of the events and omissions giving rise to the claims at issue occurred in this District, including sale of the infringing vehicles and components thereof.

## IV. BACKGROUND

### Patents-in-Suit

16. Over the past ten years, the United States Patent and Trademark Office has awarded at least eight patents to Michael Phelan that have been assigned to Phelan Group, including the two Patents-in-Suit, thereby recognizing the many discoveries made by Mr. Phelan relating to systems and methods for authenticating a driver and controlling and/or monitoring the usage of a vehicle.

17. Phelan Group is an operating company that has been actively developing and commercializing products under the brand name RideBeside. Phelan Group's products are based on the inventions disclosed in Phelan Group's patents and, among other things, are aimed toward driver safety and training. Initial product configurations are in road testing and are configured to help drivers form safer driving habits by providing real-time feedback regarding driving decisions.

18. Phelan Group is the owner of all right, title, and interest in and to U.S. Patent No. 9,493,149 (the "'149 Patent," attached as **Exhibit 1**), entitled "Driver Authentication System and Method for Monitoring and Controlling Vehicle Usage," issued November 15, 2016.

19. Phelan Group is the owner of all right, title, and interest in and to U.S. Patent No. 9,908,508 (the "'508 Patent," attached as **Exhibit 2**), entitled "Driver Authentication System and Method for Monitoring and Controlling Vehicle Usage," issued on March 6, 2018.

20. Together, the foregoing patents are referred to herein as the "Patents-in-Suit." Phelan Group is the assignee of the Patents-in-Suit and has all rights to sue for infringement and collect past and future damages for the infringement thereof.

21. Phelan Group has also filed a pending continuation U.S. Patent Application No. 17/146,101, entitled "Driver Authentication System and Method for Monitoring and Controlling Vehicle Usage," which was filed on May 17, 2022.

### DEFENDANT'S ACTS

22. Defendant makes, uses, sells, offers for sale, distributes, and/or imports systems, devices, software and components thereof that have systems and methods for driver authentication and monitoring and operating within a profile, including (but not limited to) State Farm's Drive Safe & Save technology, including its mobile application, beacon and required devices on which the mobile application operates and to which it communicates (collectively, the "Drive Safe & Save Platform"). The Drive Safe & Save Platform utilizes, without authorization or license, the inventions disclosed in the Patents-in-Suit. The Accused Products and Methods in this case encompass the Drive Safe & Save Platform (2022-present) and all systems that operate in a materially similar manner.

23. The Drive Safe & Save mobile application authenticates drivers and monitors the operation of the vehicle. A driver of the vehicle authenticates themselves to the vehicle through the use of the Drive Safe & Save mobile application in order to monitor the operation of the vehicle.



https://www.statefarm.com/customer-care/download-mobile-apps/drive-safe-and-save-mobile

24. The Drive Safe & Save Platform includes a beacon that pairs with the mobile application to enable monitoring and alerts.

### Here's how it works

The Drive Safe & Save app[3] pairs with the Bluetooth beacon we'll send you after enrollment. Keep your Bluetooth and location services on to automatically record trips when your phone connects to the beacon in your car. What type of driving feedback do you get?

- Quick acceleration
- Hard braking
- Fast cornering
- Speeding
- Distracted driving

*See id.*

25. State Farm instructs its users how to download and install its Drive Safe & Save mobile application on supported devices.

### How do I enroll in Drive Safe & Save?

In just a few steps you can enroll your vehicle and start saving.


**Step one**
Text SAVE to 42407 to check your phone's eligibility.³


**Step two**
Download the Drive Safe & Save app in the App Store or Google Play.


**Step three**
Follow the easy step-by-step instructions in the app for each vehicle you'd like to enroll.


**Step four**
Complete setup with the Bluetooth beacon we send you.

 

*Id.*

  26. The Accused Systems and Methods comprise a master control unit, a State Farm-supported smartphone operating the mobile app, in a motor vehicle for wirelessly authenticating at least one driver via said wireless driver identification and data logging module and associating an operating profile with said at least one driver.

**How do I know if my phone is eligible for Drive Safe & Save Mobile?**
Just text SAVE to 42407 to get a link to download the app in Google Play or the App Store. If you are able to download the app, your phone is compatible!
Ineligible phones will see a message saying the device is not compatible. Features required for participation include:
- Phone
- Network
- Location/GPS
- Bluetooth
- Accelerometer
- Camera
- Auto-focus
- Flash
- Gyroscope

https://www.statefarm.com/customer-care/faqs/drive-safe-save#accordion-59ab055521-item-f80281982a

  27. Defendant uses GPS data for providing location and speed information in association with the movement of a motor vehicle, as well as recording trips.

**Why do I have to allow Precise Location for the Drive Safe & Save app?**

The Drive Safe & Save app cannot record trips without Precise Location enabled, because your driving behaviors are measured and validated using both phone sensors and GPS.

https://www.statefarm.com/customer-care/faqs/drive-safe-save#accordion-59ab055521-item-a640e8cc52

28. The Drive Safe & Safe Platform alerts drivers and State Farm of unsafe and other driving practices, as shown in the below screenshot from the mobile application.



29. Via system authentication, State Farm's Drive Safe & Save technology allows a user to operate a vehicle within the user's profile through State Farm's Drive Safe & Save mobile application and/or beacon.

30. State Farm controls the Drive Safe & Save Platform as a whole. It receives the alerts and notifications from its participating customers' profiles. It benefits from this control by establishing insurance rates and premiums for its customers.

31. On information of belief, State Farm also implements contractual protections in the form of license and use restrictions with its customers to preclude the unauthorized reproduction, distribution, and modification of its software.

32. Moreover, on information and belief, State Farm implements technical precautions to attempt to thwart customers who would circumvent the intended operation of State Farm products.

33. Phelan Group has not obtained discovery about State Farm's infringement and the Court has not construed the meaning of any claims or terms in the Patents-in-Suit. The factual allegations provided in this Complaint are illustrative and without prejudice to Phelan Group's final infringement contentions. Further, in providing these allegations, Phelan Group is not implying any particular claim construction or claim scope.

## V.  COUNTS OF PATENT INFRINGEMENT

### COUNT ONE
### INFRINGEMENT OF U.S. PATENT NO. 9,493,149

34. Phelan Group incorporates by reference its allegations in all the preceding paragraphs of this Complaint as if fully restated in this paragraph.

35. Phelan Group is the assignee and owner of all right, title, and interest to the '149 Patent. Phelan Group has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

36. On information and belief, State Farm, without authorization or license, has been and is presently directly infringing one or more claims of the '149 Patent, including at least claim 1, under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using (including for testing purposes), offering for sale, selling in the United States, or importing into the United States the Accused Products and Methods.

37. State Farm puts the entire Drive Safe & Save Platform into use as a whole, leveraging each of the components to deliver the offered service and to infringe the '149 Patent.

38. On information and belief, State Farm has been aware of the '149 Patent, and of its infringement of the '149 Patent, through its own prosecution activities. The United States Patent and Trademark Office has cited the '149 Patent at least in connection with State Farm's application US20220109739A1, and has further cited related Phelan Group patents against State Farm's applications. Moreover, State Farm was further notified of its infringement on the date this Complaint was served.

39. On information and belief, at least since the date upon which State Farm learned of the '149 Patent, State Farm, without authorization or license, has been and is presently indirectly infringing one or more claims of the '149 Patent, including at least claim 1 of the '149 Patent, under 35 U.S.C. § 271(b), (c), and/or (f).

40. On information and belief, State Farm has been and is presently actively inducing infringement of the '149 Patent, including at least claim 1, under 35 U.S.C. § 271(b). Such inducement includes, without limitation, with specific intent to encourage infringement,

knowingly and actively inducing, directing, causing, and encouraging others, including but not limited to, its partners, resellers, distributors, customers, and/or other end users, to make, use, sell, and/or offer to sell in the United States and/or import into the United States the Accused Products and Methods. State Farm induces these third parties to directly infringe the '149 Patent because State Farm's affirmative acts of making, selling, and offering to sell its vehicles and services, or components thereof, cause the Accused Products and Methods to be used in a manner that infringes the '149 Patent. State Farm further induces these third parties to directly infringe the '149 Patent by providing guidance, instruction, manuals, advertisements, marketing materials, and technical assistance relating to installation, set up, maintenance, and use and/or operation of the Accused Products and Methods in their normal and customary way to infringe the '149 Patent.

41. On information and belief, State Farm has been and is presently indirectly infringing the '149 Patent, including at least claim 1, under 35 U.S.C. § 271(c) and/or (f), by contributing to infringement of the '149 Patent by others, such as partners, resellers, distributors, customers, and/or other end users, under 35 U.S.C. § 271(c) and/or (f). State Farm has made, offered to sell and/or sells in the United States and/or imported into the United States, the Accused Products and Methods, which are a material part of the claimed invention of the '149 Patent. State Farm knows that the Accused Products and Methods and/or components thereof (alone or in combination), which when installed in a vehicle according to their natural and intended purpose, are especially made or especially adapted for use in an infringement of the '149 Patent, and are not staple articles or commodities of commerce suitable for substantial noninfringing use.

42. At least since the date upon which State Farm learned of the '149 Patent, State Farm has willfully infringed the '149 Patent by deliberately or intentionally engaging in acts of infringement on an ongoing basis with knowledge of the '149 Patent.

43. As a result of State Farm's infringement of the '149 Patent, Phelan Group has suffered monetary damages, and is entitled to an award of damages adequate to compensate it for such infringement under 35 U.S.C. § 284, but in no event, less than a reasonable royalty.

COUNT TWO
INFRINGEMENT OF U.S. PATENT NO. 9,908,508

44. Phelan Group incorporates by reference its allegations in all the preceding paragraphs of this Complaint as if fully restated in this paragraph.

45. Phelan Group is the assignee and owner of all right, title, and interest to the '508 Patent. Phelan Group has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

46. On information and belief, State Farm, without authorization or license, has been and is presently directly infringing one or more claims of the '508 Patent, including at least claim 11, under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using (including for testing purposes), offering for sale, selling in the United States, or importing into the United States the Accused Products and Methods.

47. State Farm puts the entire Drive Safe & Save Platform into use as a whole, leveraging each of the components to deliver the offered service and to infringe the '508 Patent.

48. On information and belief, State Farm has been aware of the '508 Patent, and of its infringement of the '508 Patent, through its own prosecution activities. The United States Patent and Trademark Office has cited the related '149 Patent at least in connection with State Farm's application US20220109739A1, and has further cited other related Phelan Group patents against State Farm's applications. Moreover, State Farm was further notified of its infringement on the date this Complaint was served.

49. On information and belief, at least since the date upon which State Farm learned of the '508 Patent, State Farm, without authorization or license, has been and is presently indirectly infringing one or more claims of the '508 Patent, including at least claim 11 of the '508 Patent, under 35 U.S.C. § 271(b), (c), and/or (f).

50. On information and belief, State Farm has been and is presently actively inducing infringement of the '508 Patent, including at least claim 11, under 35 U.S.C. § 271(b). Such inducement includes, without limitation, with specific intent to encourage infringement, knowingly and actively inducing, directing, causing, and encouraging others, including but not limited to, its partners, resellers, distributors, customers, and/or other end users, to make, use, sell, and/or offer to sell in the United States and/or import into the United States the Accused Products and Methods. State Farm induces these third parties to directly infringe the '508 Patent because State Farm's affirmative acts of making, selling, and offering to sell its vehicles and services, or components thereof, cause the Accused Products and Methods to be used in a manner that infringes the '508 Patent. State Farm further induces these third parties to directly infringe the '508 Patent by providing guidance, instruction, manuals, advertisements, marketing materials, and technical assistance relating to installation, set up, maintenance, and use and/or operation of the Accused Products and Methods in their normal and customary way to infringe the '508 Patent.

51. On information and belief, State Farm has been and is presently indirectly infringing the '508 Patent, including at least claim 11, under 35 U.S.C. § 271(c) and/or (f), by contributing to infringement of the '508 Patent by others, such as partners, resellers, distributors, customers, and/or other end users, under 35 U.S.C. § 271(c) and/or (f). State Farm has made, offered to sell and/or sells in the United States and/or imported into the United States, the Accused Products and Methods, which are a material part of the claimed invention of the '508 Patent. State

Farm knows that the Accused Products and Methods and/or components thereof (alone or in combination), which when installed in a vehicle according to their natural and intended purpose, are especially made or especially adapted for use in an infringement of the '508 Patent, and are not staple articles or commodities of commerce suitable for substantial noninfringing use.

52. At least since the date upon which State Farm learned of the '508 Patent, State Farm has willfully infringed the '508 Patent by deliberately or intentionally engaging in acts of infringement on an ongoing basis with knowledge of the '508 Patent.

53. As a result of State Farm's infringement of the '508 Patent, Phelan Group has suffered monetary damages, and is entitled to an award of damages adequate to compensate it for such infringement under 35 U.S.C. § 284, but in no event, less than a reasonable royalty.

## VI.   JURY DEMAND

54. Phelan Group respectfully demands a trial by jury of all matters to which it is entitled to trial by jury, pursuant to FED. R. CIV. P. 38.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Phelan Group respectfully requests that this Court enter judgment in its favor and grant the following relief against Defendant:

A. Judgment that State Farm infringed and continues to infringe one or more claims of each of the Patents-in-Suit;

B. Judgment that State Farm's infringement was and is willful;

C. Award Phelan Group damages in an amount adequate to compensate Phelan Group for State Farm's infringement of the Patents-in-Suit, and in no event less than a reasonable royalty, together with prejudgment and post-judgment interest, and an ongoing royalty for continued infringement;

D. Award Phelan Group treble damages in light of State Farm's willful infringement;

    E.    Enter an order finding this to be an exceptional case and award Phelan Group its reasonable attorneys' fees under 35 U.S.C. § 285;

    F.    Award Phelan Group its costs of suit; and

    G.    Award Phelan Group such other relief as the Court deems just and proper under the circumstances.

DATED: December 18, 2023

Respectfully submitted,

*/s/ Andrew DiNovo*
Andrew G. DiNovo
Texas State Bar No. 00790594
adinovo@dinovoprice.com
Nicole E. Glauser
Texas State Bar No. 24050694
nglauser@dinovoprice.com
Adam G. Price
Texas State Bar No. 24027750
aprice@dinovoprice.com
Michael D. French
Texas State Bar No. 24116392
mfrench@dinovoprice.com
**DINOVO PRICE LLP**
7000 N. MoPac Expressway, Suite 350
Austin, Texas 78731
Telephone: (512) 539-2626
Facsimile: (512) 727-6691

**COUNSEL FOR PLAINTIFF
THE PHELAN GROUP LLC**